# EXHIBIT C

Case 1:22-cv-03286-SCJ   Document 1-3   Filed 08/16/22   Page 2 of 13

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03540-S5**
**7/14/2022 9:22 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RV Behavioral, LLC and )<br>Vest Monroe, LLC )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>)<br>Humana, Inc. and Health Value )<br>Management d/b/a Humana Behavioral )<br>Health Network )<br>)<br>    Defendants. )<br>_____) | Civil Action File No. 22-C-03540-S5<br><br>AMENDED<br>COMPLAINT FOR DAMAGES<br>JURY TRIAL DEMANDED |

## **AMENDED COMPLAINT FOR DAMAGES**

COME NOW, Plaintiffs RV Behavioral, LLC ("RV Behavioral") and Vest Monroe, LLC ("Vest Monroe"), Plaintiffs in the above-styled action, by and through the undersigned counsel, and file this Amended Complaint for Damages against Defendants Humana, Inc. and Health Value Management d/b/a Humana Behavioral Health Network ("Humana Behavioral Health") (collectively "Humana"), alleging as follows:

### **Parties, Jurisdiction, and Venue**

1. RV Behavioral is a Delaware limited liability company registered to do business in the State of Georgia with its registered agent located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

2. Vest Monroe is a Delaware limited liability company registered to do business in the State of Georgia with its registered agent located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

3. Humana, Inc. is a Delaware corporation and maintains its principal place of business at 500

W. Main Street, Louisville, Kentucky, 40202. It is subject to the jurisdiction of this Court and may be served through its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia, 30046-4805.

4. Humana Behavioral Health is a Delaware corporation and maintains its principal place of business at 500 W. Main Street, Louisville, Kentucky, 40202. It is subject to the jurisdiction of this Court and may be served through its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia, 30046-4805.

5. Venue is proper in this Court pursuant to Article 6, Section 2, Paragraph VI of the Georgia Constitution and O.C.G.A. § 14-2-510 as Humana, Inc. maintains a registered office in Gwinnett County.

6. Venue is proper in this Court pursuant to Article 6, Section 2, Paragraph VI of the Georgia Constitution and O.C.G.A. § 14-2-510 as Humana Behavioral Health maintains a registered office in Gwinnett County.

**Factual Allegations**

7. Humana, Inc. is one of the largest health insurance companies in the State of Georgia.

8. With more than one million members, Humana, Inc. exerts considerable market pressure in setting contract terms with healthcare providers such as RV Behavioral and Vest Monroe.

9. Humana Behavioral Health is a wholly owned subsidiary of Humana, Inc.

10. RV Behavioral and Vest Monroe are behavioral health and addiction service providers in the State of Georgia.

11. Ridgeview Institute, Inc. and Corphealth, Inc. d/b/a LifeSynch entered into a Facility Participation Agreement in 2013, attached as **Exhibit A**.

12. LifeSynch has been a subsidiary of Humana, Inc. since 2005, when Humana, Inc. acquired what was then known as Corphealth, Inc.

13. LifeSynch was renamed Humana Behavioral Health in 2015.

14. Humana Behavioral Health entered into a Consent to Assignment and Assumption of the Facility Participation Agreement with Ridgeview Institute, Inc. and RV Behavioral, LLC d/b/a Ridgeview Institute in 2016 in part for RV Behavioral to assume the rights, title, and interest in and to the Facility Participation Agreement, attached as **Exhibit B**.

15. Vest Monroe came into existence in 2017.

16. Pursuant to the Facility Participation Agreement, Humana patients would be able to receive medical care and services from RV Behavioral on an "in-network" basis.

17. RV Behavioral, Vest Monroe, and Humana have since agreed to amendments to the Facility Participation Agreement to include Humana Behavioral Health Payment Attachments, attached as **Exhibit C**.

18. Sections 15.3 and 22.2 of Humana's Participation Agreement with RV Behavioral provide, respectively, "LifeSynch's agreements with Payors require Payors to pay Facility for Covered Services in accordance with any applicable state prompt payment laws or regulations" and "Facility and LifeSynch agree to be bound by and comply with the provisions of all applicable state and federal laws, rules and regulations."

19. Section 16.2 of Humana's Participation Agreement with RV Behavioral further provides: "LifeSynch and/or Payor will process Facility claims which are accurate and complete in accordance with LifeSynch and/or Payor's normal claims processing procedures and applicable state and/or federal laws, rules and regulations with respect to the timeliness of claims processing. Such claims processing procedures and edits may include, without

limitation, automated systems applications which identify, analyze and compare the amounts claimed for payment with the diagnosis codes and which analyze the relationships among the billing codes used to represent the health care services provided to Members. These automated systems may result in an adjustment of the payment to the Facility for the health care services or in a request, prior to payment, for the submission of medical records that relate to the claim."

20. O.C.G.A. § 33-24-59.5, known as Georgia's Prompt Pay Statute, provides in part that, when all of the listed documents or other information needed to process the claim have been received by the insurer, the insurer shall then have 15 working days for electronic claims or 30 calendar days for paper claims within which to process payment.

21. Humana initiated pre-payment review at RV Behavioral and Vest Monroe in March of 2021.

22. This pre-payment review process involving RV Behavioral and Vest Monroe was closed on June 17, 2021.

23. After being placed on pre-payment medical review and being denied reimbursement on numerous claims, Vest Monroe and RV Behavioral began appealing claims appropriately through Humana's designated Dispute Policy.

24. RV Behavioral and Vest Monroe subsequently followed Humana policies and procedures to provide documentation requested in support of claims at both facilities that were denied.

25. RV Behavioral and Vest Monroe adhered to the relevant CMS guidelines and Georgia rules and regulations in documenting and billing for the claims placed at issue by Humana during its prepayment review period.

26. RV Behavioral has since exhausted multiple levels of appeals per Humana's Dispute Policy

on numerous claims.

27. Humana continues to deny RV Behavioral reimbursement for numerous claims despite receiving the appropriate documentation from RV Behavioral to authorize reimbursement.

28. Vest Monroe has since exhausted multiple levels of appeals per Humana's Dispute Policy on numerous claims.

29. Humana continues to deny Vest Monroe reimbursement for numerous claims despite receiving the appropriate documentation from Vest Monroe to authorize reimbursement.

30. RV Behavioral received ongoing results of the Humana Special Investigation Unit's review of medical records submitted in response to pre-payment medical record review over the course of several months, from July of 2021 through February of 2022.

31. Vest Monroe received ongoing results of the Humana Special Investigation Unit's review of medical records submitted in response to pre-payment medical record review over the course of several months, from August of 2021 through March of 2022.

32. Plaintiffs have followed and abided by all Humana claims processing directives and policies to date.

33. Humana has failed to abide by its own policies and procedures in that it has refused to provide Plaintiffs the detailed information upon which it based its decisions on multiple levels of appeal or any explanation for why numerous claims from RV Behavioral and Vest Monroe continue to be denied despite receiving the appropriate documentation.

34. Humana has refused to engage in substantive communications with Plaintiffs regarding the details and basis for its decisions to continue to reject claims for reimbursement from RV Behavioral and Vest Monroe despite receiving the appropriate documentation requested.

35. Humana continues to deny reimbursement for the aforementioned claims from RV

Behavioral and Vest Monroe without any procedural or legal basis.

36. Humana will not accept dispute requests after eighteen (18) months from the date of the original claim determination.

37. It has been over twelve (12) months from the date of the earliest claim determination from RV Behavioral and Vest Monroe still on appeal with Humana.

38. The decision to continue to deny Plaintiffs' claim appeals despite having received appropriate documentation to authorize reimbursement of these claims pursuant to Humana policies and procedures and CMS and Georgia rules and regulations will have substantial negative implications on Plaintiffs' ability to maintain sufficient operating capital, especially considering the impact of the COVID-19 pandemic.

39. Following pre-payment review and the designated Humana appeals process, Plaintiffs have experienced, and will continue to experience, delays in the reimbursement of covered services for several months and even the threat of nonpayment for the same.

40. The ability of Plaintiffs to provide services to their patients is greatly affected by Humana's continuing denial of numerous claims from RV Behavioral and Vest Monroe despite receiving appropriate documentation to support reimbursement for each claim during the Humana's prepayment review and/or appeals processes.

## Count I – Breach of Contract

41. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1-43 as if fully set forth herein.

42. Humana had a contractual obligation to RV Behavioral and Vest Monroe to make prompt payment of claims and to comply with state and federal law and administrative rules and regulations in doing so.

43. O.C.G.A. § 33-24-59.5 sets out clear requirements for the timely notice and payment of claims under health benefit plans and Humana is under a contractual obligation to comply with this statute.

44. Humana had a contractual obligation to RV Behavioral and Vest Monroe to process all claims that are accurate and complete in accordance with its claims processing procedures and applicable state and/or federal laws and rules and regulations.

45. Despite multiple appeals and requests for payment of these outstanding claims, Defendants have refused to comply with the terms and conditions of the Facility Participation Agreements with RV Behavioral and Vest Monroe.

46. The ongoing denial of numerous claims from RV Behavioral on appeal constitutes a continuing refusal by Humana to abide by prompt payment directives and Georgia state and federal laws, rules, and regulations.

47. The ongoing denial of numerous claims from Vest Monroe on appeal constitutes a continuing refusal by Humana to abide by prompt payment directives and Georgia state and federal laws, rules, and regulations.

48. Humana has materially breached its agreement with RV Behavioral and Vest Monroe by continuing to deny claims for which it has received applicable documentation in accordance with Georgia state and federal laws, rules, and regulations and, as a result thereof, RV Behavioral has incurred damages in an amount to be proven at trial.

49. Humana is indebted to Plaintiffs for the amount of the denied claims.

### Count III - Attorney's Fees and Court Costs

50. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1-54 as if fully set forth herein.

51. Plaintiffs have made multiple good faith attempts to resolve this matter without having to resort to litigation, but Defendants' actions have left Plaintiff with no other option than to initiate this action.

52. Defendants' refusal to work with Plaintiffs in an attempt to resolve the issues alleged herein in bad faith has caused unnecessary trouble and expense.

53. Humana has been stubbornly litigious.

54. As a result thereof, Plaintiffs are entitled to recover the expenses, including attorneys' fees, they have incurred in bringing this action.

## Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully ask that the Court grant them the following relief:

(a) That the Court enter judgment in favor of Plaintiffs on all counts in an amount to be proven at trial;

(b) That this lawsuit be tried by a jury;

(c) That Plaintiffs recover all attorneys' fees and litigation expenses that Plaintiffs have incurred and will continue to incur because of Humana's conduct; and

(d) Such other and further relief as may be legal, just and proper.

Respectfully submitted this 13th day of July, 2022.

**BENDIN, SUMRALL & LADNER, LLC**

_____
David V. Hayes
Georgia Bar No. 240156
*Attorney for Plaintiffs*
*RV Behavioral, LLC and Vest Monroe, LLC*

One Midtown Plaza, Suite 800
1360 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 671-3100
Facsimile:  (404) 671-3080
dhayes@bsllaw.net

- 9 -

# Exhibit A

PROVISIONALLY EXCLUDED SUBJECT TO
MOTION FOR LEAVE TO FILE UNDER SEAL

# Exhibit B

PROVISIONALLY EXCLUDED SUBJECT TO
MOTION FOR LEAVE TO FILE UNDER SEAL

# Exhibit C

PROVISIONALLY EXCLUDED SUBJECT TO
MOTION FOR LEAVE TO FILE UNDER SEAL